NATIONAL FURNACE CO. v. MOLINE MALLEABLE IRON WORKS.

*(Circuit Court, N. D. Illinois. January 7, 1884.)*

SPECIAL APPEARANCES—WHEN ALLOWED, AND FOR WHAT PURPOSES.

A defendant may, without leave of court, enter a special appearance for the purpose of objecting to the jurisdiction of the court, by virtue of the steps taken to bring him in or serve him with process, or for any other reason, but a defendant interested in a controversy cannot be allowed to come in under a special appearance and avail himself of all the chances of a decree in his favor and retire without harm if the decision of the court should be against him.

In Equity.

*F. Ullmann,* for complainant.

*Osborn & Lynde* and *Hill, Wood & Boyd,* for defendant.

BLODGETT, J. In this case a cross-bill is filed by the defendant Wheelock, asking for the foreclosure of the trust deed and chattel mortgage described in the original bill as having been given by the

·defendant company to Charles F. Heimingway, to indemnify complainant in the cross-bill and others who had become sureties for said ·company; and George H. Hill, who is one of the beneficiaries named in said trust deed and mortgage, is made a defendant, but with an allegation that he should not be allowed to participate in such security, because, as charged, said Hill had, as a director of the company, assented to the incurring of indebtedness by said company to an amount in excess of its capital stock. On the filing of this cross-bill a rule was entered that a copy be served on defendant Hill, who was a resident of Cincinnati, Ohio, and that said Hill plead, demur, or answer to the said cross-bill within 20 days. Mr. Hill now asks that he be allowed to enter a special appearance for the purpose of objecting to the proof, or of demurring to part of the cross-bill, or answering so much thereof as seeks to charge the property of the corporation with a lien, or that prays a decree as to the validity ·of the deed of trust, without submitting to the jurisdiction of the ·court as to any other matter; that is, he is asking to enter a special appearance in the case. If this defendant wishes to enter a special appearance for the purpose of objecting to the jurisdiction of the ·court, by virtue of the steps taken to bring him in or serve him with process, or for any other reason, I think he has the right to do this, without a special leave of court; but, as I understand this motion, he asks leave to appear and contest all the relief claimed in the cross-bill, but does not wish to so submit to the jurisdiction of the court as to authorize the court to proceed against him, so far as his right to indemnity under the trust deed is concerned, or to enforce, directly or indirectly, any liability he may have incurred as a director of the ·company, if he shall be shown to have assented to the incurring of indebtedness to an amount in excess of the capital stock of the company.

It is clear from the tenor of this original bill and the Wheelock ·cross-bill that the questions raised in this case will be—*First*, as to the validity of the trust deed and mortgage; *second*, whether, if the trust deed and mortgage are valid, defendant Hill will be entitled to any benefit from it; *third*, whether defendant Hill assented to the incurment of debts exceeding the capital stock of the company, and by so doing has forfeited any right to indemnity under this trust deed and mortgage. It therefore seems quite evident to me that if defendant Hill wished to make this contest raised by the cross-bill, he should not be allowed to do so, except on condition that he enter his full appearance. His request in this case, if granted, would sanction the practice of allowing any defendant interested in a controversy to ·come in and avail himself of all the chances of a decree in his favor and retire without harm if the decision of the court should be against him. As I said at the outset, if the defendant wished to challenge the sufficiency of the service by which jurisdiction over him is attempted to be obtained, he can do so by a special appearance, for that

purpose alone, without leave of court. Daniell, Ch. Pr. 453, 512, 537. But if he asks the privilege of fighting his side of this battle under a special appearance, I do not think he should be allowed to do it.

The motion is overruled.